UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC RODNEY HILL,<br><br>                             Plaintiff,<br><br>                  -against-<br><br>GOVERNMENT FOR THE STATE OF NEW YORK; WARDEN J. JAMISON,<br><br>                             Defendants. | 24-CV-0371 (LTS)<br><br>BAR ORDER UNDER<br>28 U.S.C. § 1915(g) |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff files this action *pro se* and seeks to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. On January 29, 2024, the Court issued an order (1) finding that, while Plaintiff was a prisoner, he had filed three or more cases that had been dismissed as frivolous, malicious, or for failure to state a claim, and (2) directed Plaintiff, within thirty days, to show cause by declaration why he was not barred under 28 U.S.C. § 1915(g) from filing further actions IFP in this Court while he is a prisoner. Plaintiff responded by letters, which the Court received on February 29, 2024, and March 11, 2024 (ECF 6-7), but Plaintiff does not offer any reason not to find that he is barred.

**DISCUSSION**

**A.      Section 1915(g) bar**

Plaintiff accrued three "strikes" for purposes of Section 1915(g) before bringing this action. Plaintiff has not made any argument why the Court should not find that he had brought three or more IFP actions, while he was a prisoner, which were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, the Court finds that Section 1915(g) bars Plaintiff

from bringing new civil actions[1] in this Court, while he is a prisoner, without prepayment of the filing fee, unless he is under imminent danger of serious physical injury.[2]

## B.     Imminent danger of serious physical injury

Although Plaintiff does not make any argument that he does not have three strikes for purposes of Section 1915(g), he does attempt to show that he is in imminent danger of serious physical injury. The imminent danger exception "allows a three-strikes litigant to proceed IFP only when there exists an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges." *Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2002). In determining whether a litigant has shown such a nexus, courts consider: "(1) whether the imminent danger of serious physical injury that [the] . . . litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury." *Id.* at 298-99.

Here, Plaintiff submitted a letter in February 2024, asserting that, after he filed this suit, Associate Warden Plourde told him not to email Warden Jamison to request to be taken off restrictions or he "would be leaving here in a body bag." (ECF 6 at 1.) While this alleged threat is manifestly inappropriate, any claims that Plaintiff may have against Associate Warden Plourde

---

[1] In his letter, Plaintiff contends that he "wants to make a legal argument on his immediate release . . . and wants to prove his illegal conviction." (ECF 7 at 4.) Generally, the proper vehicle for seeking release or challenging a conviction is a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, for a state conviction, and a motion under 28 U.S.C. § 2255, for a federal conviction. Section 1915(g) does not apply to petitions for writs of *habeas corpus*. *See Jones v. Smith*, 720 F.3d 142, 146 (2d Cir. 2013) (holding that *habeas* petitions are not considered civil actions for purposes of section 1915(g)). Section 1915(g) also does not affect Section 2255 motions, which do not have a filing fee requirement. However, doctrines such as the limitations on second and successive petitions and motions, 28 U.S.C. §§ 2244(b)(3), 2255(h), and the abuse-of-the-writ doctrine, limit repeated filing of such applications.

[2] Plaintiff is cautioned that the submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties. *See* 28 U.S.C. § 1651.

are unrelated to Plaintiff's claims in this suit. Associate Warden Plourde is not a defendant in this action, and Plaintiff's complaint seeks damages for a disciplinary determination. A favorable judicial outcome on Plaintiff's claims for damages as a result of an allegedly unfair disciplinary determination would not redress any injury from the later arising threats to Plaintiff from Associate Warden Plourde. The Court therefore concludes that the alleged threat from Associate Warden Plourde does not provide any basis for granting Plaintiff's request to proceed IFP in this action, based on imminent danger of serious physical injury. The Court therefore denies Plaintiff's request to proceed IFP and dismisses the complaint without prejudice under Section 1915(g)'s "three-strikes" rule.[3] *See* 28 U.S.C. § 1915(g).

## CONCLUSION

Plaintiff has three prior strikes and is therefore barred, under 28 U.S.C. § 1915(g), from proceeding IFP. Plaintiff's request to proceed IFP is denied. The Court dismisses this complaint, without prejudice, under Section 1915(g).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated:   April 15, 2024
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[3] Plaintiff may commence a new action by paying the filing fee. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).